

FILED

**NOT FOR PUBLICATION**

JAN 11 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OBIAGELI BROOKE AGBU, AKA
Obiagele B. Agbu, AKA Obiageli B.
Agbu, AKA Obiageli Brook Agbu, AKA
Brooke, AKA Ivon, AKA Obiagele,

Defendant - Appellant.

No. 14-50158

D.C. No. 2:11-cr-00134-GW-2

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 9, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges and STEEH,** Senior District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable George Caram Steeh III, Senior District Judge for the
U.S. District Court for the Eastern District of Michigan, sitting by designation.

Obiageli Agbu appeals her jury conviction and sentence for one count of conspiracy to commit health care fraud under 18 U.S.C. §§ 1349 and 2 and eight counts of health care fraud under 18 U.S.C. §§ 1347 and 2(b) arising from her participation in a durable medical equipment scheme that billed Medicare for undelivered or unneeded equipment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand to the district court.

Agbu claims that there was insufficient evidence for the jury to convict her of health care fraud under 18 U.S.C. § 1347. We review this claim *de novo*, *see United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010), and view the evidence in the light most favorable to the prosecution. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Witnesses testified at trial that Agbu, or someone matching her description, directed marketers to take beneficiaries to specific doctors, was present while cursory medical examinations of ambulatory beneficiaries took place in the Ibon offices, and paid the marketers and doctors kickbacks in cash. Also, the FBI agents who interviewed Agbu testified that she told them that she knew that paying for prescriptions was illegal and that Medicare claims must be medically necessary. The agents also testified that Agbu falsely told them that she did not buy prescriptions and that she herself did the marketing

2

for Ibon.  We conclude that there was substantial evidence presented at trial that Agbu knowingly and willfully committed health care fraud as the owner of Ibon.

Agbu makes several arguments for the first time on appeal regarding perceived flaws in the jury instructions.  Because Agbu did not object to the district court's jury instructions at trial, we review those instructions for plain error.  *See* Fed. R. Crim. P. 52(b).  First, Agbu argues that the district court should have *sua sponte* instructed the jury that Agbu was not responsible for determining the medical necessity of Ibon's claims, and that the district court also should have instructed the jury on the meaning of "medical necessity."  But lack of medical necessity is not an element of health care fraud, and the jury was properly instructed on all of the elements of the crime.  *See* 18 U.S.C. § 1347.  Second, Agbu argues that the district court erred when it instructed that "the Government is not required to prove that the Defendant knew that her acts or omissions were unlawful."  We have previously found this instruction to be in error, but harmless. *United States v. Awad*, 551 F.3d 930, 939–40 (9th Cir. 2009).  The same reasoning applies here under plain error review: although the instruction was in error, Agbu's "substantial rights" were not affected.  *See United States v. Olano*, 507 U.S. 725, 734 (1993).  As in *Awad*, the evidence is that Agbu knew she was committing a fraud; the jury was instructed to find an "intent to defraud;" and the fraudulent

3

scheme was "so bold and simple" that no reasonable person could have thought it lawful. *Awad*, 551 F.3d at 940–41. Finally, Agbu argues that it was plain error for the district court not to *sua sponte* give a cultural defense instruction, which she likens to a "good character" instruction. We have held that a good character instruction is not necessary where a jury is instructed to consider all of the evidence, including all of the testimony. *United States v. Karterman*, 60 F.3d 576, 579 (9th Cir. 1995).

Agbu next contends that she received ineffective assistance of counsel (1) because of her counsel's failure to bring a pre-trial motion to suppress testimony from FBI agents based on a *Miranda* violation and (2) because her counsel did not obtain a psychological evaluation. Claims of ineffective assistance of counsel are generally not reviewed on direct appeal and are more appropriately brought in the context of habeas proceedings. *United States v. Labrada-Bustamante*, 428 F.3d 1252, 1260 (9th Cir. 2005). There are exceptions where the record is sufficiently developed or where the legal representation is so inadequate that it obviously denies a defendant's Sixth Amendment right. *Id.* While the record is developed enough to adjudicate the first claim, we conclude that it has no merit because there is no evidence that Agbu's interview with FBI agents was custodial in nature and required a *Miranda* warning. *Yarborough v. Alvarado*, 541

4

U.S. 652, 661–62 (2004). As to the second claim, we conclude that neither of the exceptions apply and that it would be best adjudicated through a habeas proceeding, in which Agbu can make a record pertinent to her claims. *Massaro v. United States*, 538 U.S. 500, 505–06 (2003).

Finally, Agbu challenges the amount of restitution for the first time on appeal. Agbu argues that intended loss should be based on what Medicare actually paid for the fraudulent billing. However, this court has held that the billed amount is prima facie evidence of intended loss, *see United States v. Popov*, 742 F.3d 911, 916 (9th Cir. 2014), and Agbu presented no evidence at trial that this overestimated her intent. We also reject Agbu's argument that the district court abused its discretion by not apportioning the amount of restitution. The relevant statute is clear that while the district court has the discretion to apportion restitution, it is not required to do so. *See* 18 U.S.C. § 3664(h).

However, we conclude that the district court plainly erred when it calculated the intended loss based on the combined submission of the claims from both Bonfee and Ibon. The government conceded at oral argument that the only evidence it had that Agbu contributed to the fraud perpetrated by Bonfee before the creation of Ibon was the fact that Agbu worked at Bonfee. Agbu can be held accountable "for reasonably forseeable substantive crimes committed by a

5

coconspirator in furtherance of the conspiracy." *United States v. Riley*, 335 F.3d 919, 932 (9th Cir. 2003). She could not reasonably foresee acts of her coconspirators before she joined the conspiracy. Simply drawing a salary from Bonfee is not sufficient to prove by a preponderance of the evidence that Agbu knowingly and willfully participated in a fraudulent scheme or conspiracy during the period that she worked only at Bonfee. *See* 18 U.S.C. § 3664(e).

The conviction is **AFFIRMED** and the amount of restitution is **VACATED AND REMANDED** to the district court for further proceedings in accordance with this disposition.